IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-60,547-03






EX PARTE DANIEL JAMES SIXTA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 923949-A IN THE 351
st DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of intoxication
manslaughter and sentenced to twenty years' imprisonment. The Court of Appeals affirmed his
conviction. Sixta v. State, No. 01-02-01316-CR (Tex. App.-Houston [1st Dist.], delivered December
18, 2003, pet. ref'd). 

 Applicant contends that his trial counsel was ineffective because he waited until the day of
trial before obtaining a copy of the accident report in applicant's case. The report, applicant alleges,
stated that the driver of the car Applicant hit was inattentive and failed to yield to the right of way. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether applicant is indigent. If
applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact and conclusions of law in regard to
applicant's claim that counsel was ineffective. Specifically, the trial court shall make findings of fact
as to when counsel obtained a copy of the accident report and what the report revealed. If the trial
court finds that counsel obtained the report on the day of trial, it shall make findings of fact as to
whether counsel's performance was deficient and whether applicant was, as a result, prejudiced. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: July 26, 2006




DO NOT PUBLISH